UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No. 05-80725

ANCO-TECH, INC., ANDREW MALISZEWSKI,      HON. AVERN COHN
ALAN MALISZEWSKI,

    Defendants.
_____/

**MEMORANDUM AND ORDER
DENYING DEFENDANT ANDREW MALISZEWSKI'S MOTION TO DISMISS THE
INDICTMENT, PURSUANT TO RULES 12(b)(3) AND 7(c) OF THE FEDERAL RULES
OF CRIMINAL PROCEDURE, FOR DEFECTS IN THE INDICTMENT
AND
MOTION PURSUANT TO RULE 12(b) OF THE FEDERAL RULES OF CRIMINAL
PROCEDURE TO DISMISS AS AGAINST DEFENDANT ANDREW MALISZEWSKI
ONLY, COUNT EIGHT OF THE INDICTMENT AS BEING OUTSIDE THE STATUTE
OF LIMITATIONS**

I. Introduction

This is a criminal case. It concerns the testing and certification of various "heat lots" of unfinished lengths of titanium tubing processed by Anco-Tech, Inc. during the period of October 1995 to February of 2002. On August 12, 2006, defendants Anco-Tech, Andrew Maliszewski, and Alan Maliszewski were charged in an 18 count indictment with violations of mail fraud under 18 U.S.C. § 1341, conspiracy to commit aircraft parts fraud under 18 U.S.C. § 38(a)(3), aircraft parts fraud under 18 U.S.C. §38(a)(1)(c), and aiding, abetting, and causing under 18 U.S.C. § 2. Andrew

Maliszewski is charged in two of the 18 counts, Count one (mail fraud) and Count 8 (conspiracy)

Andrew Maliszewski, hereinafter "defendant," has filed several pre-trial motions. This memorandum addresses two motions, both of which relate to the charge in Count 8. Defendant moves to dismiss this count against him on two grounds:

1. The indictment is defective under Fed. R. Crim. P. 12(b)(3) and 7(c) because the allegations in under Count 8 are deficient

2. The conduct alleged against Andrew in Count 8 is outside the statute of limitations and therefore, the count should be dismissed under Fed. R. Crim. P. 12(b).

For the reasons that follow, the motions are DENIED.

## II. Defects in the Indictment

### A.

Defendant argues that the factual allegations and conclusory legal statement made in Count 8 of the Indictment in regard to "aircraft parts fraud" are insufficient to apprise Defendants of the essential elements of the crime alleged against them under 18 U.S.C.S. § 38. Defendant says there are no overt acts pled in the indictment which support a conspiracy charge and that such a omission of essential facts is fatal to the maintenance of a prosecution and cannot be corrected except by dismissal of the Indictment. Defendant says that the indictment is deficient with respect to the alleged (1) date, (2) location, (3) parties to the conspiracy, and (4) facts to establish the crime allegedly underlying the conspiracy.

The government says that the indictment is legally sufficient and complies with Rule 7(c)(1). First, the government says that although the defendant seeks the dismissal of the entire indictment, he does not point to any alleged deficiencies in Counts One through Seven (the mail fraud counts). Thus, the government says that even if there were any merit to the allegations regarding Count 8, this would not warrant dismissal of the entire indictment. However, the government argues that Count 8 is legally sufficient because it tracks the statutory language, includes all essential elements of the offense, gives proper notice of the charges, and serves as a bar against double jeopardy. The government further says that the purpose of an indictment is to provide the defendant with notice of the charges against him, so that he may prepare a defense, and protect himself against a second prosecution for the same offense and need not provide every detail of the government's evidence.

B.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and give "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

Count 8 of the indictment charges a conspiracy to commit aircraft parts fraud in violation of 18 U.S.C. § 38(a)(3). Section 38(a) provides:

> (a) Offenses.--Whoever, in or affecting interstate or foreign commerce, knowingly and with the intent to defraud--
>
> (1)(A) falsifies or conceals a material fact concerning any aircraft or space vehicle part;

>   (B) makes any materially fraudulent representation concerning any aircraft or space vehicle part; or
>
>   (C) makes or uses any materially false writing, entry, certification, document, record, data plate, label, or electronic communication concerning any aircraft or space vehicle part;
>
> (2) exports from or imports or introduces into the United States, sells, trades, installs on or in any aircraft or space vehicle any aircraft or space vehicle part using or by means of a fraudulent representation, document, record, certification, depiction, data plate, label, or electronic communication; or
>
> (3) attempts or conspires to commit an offense described in paragraph (1) or (2),

The charging paragraph of Count 8, paragraph 2, reads:

> From in or April 2000 through in or about February 2002, in the Eastern District of Pennsylvania and elsewhere, defendants
>   ANCO TECH, INC
>   ANDREW MALISZEWSKI
>   ALAN MALISZEWSKI
> conspired and agreed, together with and with others known and unknown to the grand jury, knowingly and with the intent to defraud, to make materially fraudulent representations concerning aircraft parts, that is, titanium tubing manufactured for use in V-22 Osprey aircraft and civilian aircraft, and to make and use materially false warnings, entries, certifications, documents, records, data plates, labels, and electronic communications, that is, false certificates of titanium tubing that was manufactured and sole for use in V-22 Osprey aircraft and civilian aircraft, and that was installed in V-22 Osprey aircraft, in violation of Title 18 United States Code, Section 38(a)(1)(B), (a)(1)(C), (b)(1) and (b)(4).

Count 8 also incorporates the allegations in paragraphs 1-33 and 35 through 51 (counts 1-7).

As to the date of the conspiracy, defendant relies on what are clearly typographical errors in the charging paragraph. As the government points out, the language "in or April 2000 through in or about February 2001" should obviously read "in or about April 2000 through in or about February 2002." Thus, the indictment is not insufficient for failing to state the date of the conspiracy. Moreover, the indictment does

4

cite the wrong subsections of 18 U.S.C. § 38, the conspiracy section is (a)(3). However, it is clear from the charging paragraph that a conspiracy count is alleged and the main section, 18 U.S.C. § 38(a) is charged. These minor errors do not render the indictment insufficient.

As to the location of the conspiracy, the indictment states that it is in "the Eastern District of Pennsylvania and elsewhere." The "elsewhere" clearly includes that Anco-Tech facility located in Dearborn Heights, Michigan which is identified in paragraph 1 of the indictment. It is also clear from a review of the indictment where the alleged crimes are to have occurred.

As to the parties of the conspiracy, the indictment names the defendants and employees of the Anco-Tech. This is sufficient.

As to the nature of the conspiracy, which is the main basis for defendant's motion, defendant says that allegations in the incitement cannot support a conspiracy theory from April 2000 to February 2002 because he is only charged with specific acts prior to September 2000 when he left Anco-Tech. This argument really challenges the sufficiency of the evidence and goes to defendant's statute of limitations argument addressed below. The indictment as a whole puts defendant on notice that he is charged in a scheme to defraud from1995 through February 2002, and a conspiracy that ran from April 2000 until February 20002. The indictment tracks the statutory language and alleges the essential elements of the crime and sets forth specific conduct involved in the conspiracy and scheme. The scheme and conspiracy involved the same acts - a continuing failure to comply with the specification and the issuance of certification falsely representing complete compliance.

5

Defendant argues that the indictment is deficient because it does not set forth specific facts which establish that he titanium tubing manufactured by Anco-Tech for use in the V-22 Osprey aircraft constituted "aircraft parts" for purposes of the statute. As the government notes, this argument conflates Rule 7(c)'s requirements with a means of challenging the sufficiency of the evidence. The indictment alleges that the titanium tubing constitutes aircraft parts. The indictment need not present detailed evidence establishing that it is in fact aircraft parts. That is for the government to prove at trial. Defendant would ask the Court to adopt its position that the titanium tubing cannot be an aircraft part because it is not a completely finished part when it left the Anco-Tech facility. That is an issue for trial. Moreover, defendant ask the Court to review grand jury testimony. This is not proper on a motion to dismiss the indictment, where only the indictment can be considered. See United States v. Marra, 481 F.2d 1196, 1200 (6th Cir. 1973).

Defendant's motion to dismiss the indictment under Rule 7(c) must be denied.

### III. Statute of Limitations

#### A.

Defendant says that Count 8 must be dismissed again him because the indictment alleges that he left employment with Anco-Tech in September of 2000 and that the only overt act with which he is charged allegedly occurred on April 19, 2000, beyond the 5 year statute of limitations. Defendant says the statute of limitations in regard to the acts alleged against him expired on April 20, 2005. The indictment was filed on June 7, 2005, almost 7 weeks after the expiration of the statute of limitations.

The government says that Count 8 is not barred by the statute of limitations because 18 U.S.C. § 38(a)(3) does not require proof of an overt act. Thus, the statute of limitations begin to run not from the date of the last over act charged in the indictment, but from the date of the completion or cessation of the conspiracy, or a participant's withdrawal from the conspiracy.

B.

1.

Fed. R. Crim. P. 12(b) permits a defendant to make a pre-trial motion on the grounds of, inter alia, the insufficiency of the indictment under the applicable statute of limitations. It is agreed that the applicable statute of limitations is five years under 18 U.S.C. § 3282(a) which provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ⋯ within five years after such offense shall have been committed." 18 U.S.C. § 3282 (1976). The statute begins to run when the crime is complete. See Toussie v. United States, 397 U.S. 112(1970). The question is when the crime was "complete." Resolution of the motion depends on whether 18 U.S.C. § 38(a)(3) requires proof of an overt act.

2.

Again, section 38(a) provides:

(a) Offenses.--Whoever, in or affecting interstate or foreign commerce, knowingly and with the intent to defraud--

>  (1)(A) falsifies or conceals a material fact concerning any aircraft or space vehicle part;
> 
>  (B) makes any materially fraudulent representation concerning any aircraft or space vehicle part; or

>> (C) makes or uses any materially false writing, entry, certification, document, record, data plate, label, or electronic communication concerning any aircraft or space vehicle part;
>
> (2) exports from or imports or introduces into the United States, sells, trades, installs on or in any aircraft or space vehicle any aircraft or space vehicle part using or by means of a fraudulent representation, document, record, certification, depiction, data plate, label, or electronic communication; or
>
> (3) **attempts or conspires to commit an offense described in paragraph (1) or (2)**,

(Emphasis added). From a plain reading of the text, subsection (a)(3) does not appeal to expressly require proof of an overt act as it simply reads that it is a crime to "conspire to commit" an aircraft parts fraud offense. This is in contrast to other conspiracy statutes, including the general conspiracy statute, 18 U.S.C. § 371 which reads "[i]f two or more persons conspire ... and one or more of such persons <u>do any act to effect the object of the conspiracy</u>...." The highlighted language clearly calls for proof of an overt act. The government's response at p. 4 n.1 lists several other criminal statutes which contain language indicating an overt act requirement. Subsection (a)(3) is also similar to the drug conspiracy statute, 18 U.S.C. § 846, which provides:

> Any person who attempts or conspires to commit any offense defined in this title is punishable by imprisonment or fine or both which may not exceed the maximum perscribed for the offense, the commission of which was the object of the conspiracy.

In <u>United States v. Shabani</u>, 513 U.S. 10, 13 (1994), the Supreme Court held that § 846 does not expressly require proof of an overt act and therefore "the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms" controls. The common law understanding of

8

conspiracy, the Supreme Court stated, "does not make the doing of any act other than the act of conspiring a condition of liability." Id. at 13-14.

There are other conspiracy statutes which likewise require no proof of an overt act. See, e.g. United States v. Salinas, 522 U.S. 52, 63 (1997) (holding that 18 U.S.C. § 1962(d), conspiracy under the Racketeer Influenced and Corrupt Organizations statute, does not require overt act, and 18 U.S.C. § 2384 (seditious conspiracy)).

Defendant's primary response is that if the government interprets § 38(a)(3) as not requiring an overt act, then it has acted in bad faith in alleging overt acts in the indictment. Defendant says the overt acts (57 paragraphs long) must have been included to mislead and confuse defendant and therefore court 8 should be dismissed for textual violations. This argument lacks merit. The government's inclusion of overt acts cannot change the requirements of the statute. These acts were likely included as examples of the misconduct and actually serve to more specifically inform the defendant of the charge against him.

Defendant, however says that if the text of the penalty section of 18 U.S.C. § 38 is examined, § 38(b) one finds an overt act requirement. This section provides in part:

> (b) Penalties.--The punishment for an offense under subsection (a) is as follows:
> (1) Aviation quality.--If the offense relates to the aviation quality of a part and the part is installed in an aircraft or space vehicle, a fine of not more than $500,000, imprisonment for not more than 15 years, or both.
>
> (2) Failure to operate as represented.--If, by reason of the failure of the part to operate as represented, the part to which the offense is related is the proximate cause of a malfunction or failure that results in serious bodily injury (as defined in section 1365), a fine of not more than $1,000,000, imprisonment for not more than 20 years, or both.

> (3) Failure resulting in death.--If, by reason of the failure of the part to operate as represented, the part to which the offense is related is the proximate cause of a malfunction or failure that results in the death of any person, a fine of not more than $1,000,000, imprisonment for any term of years or life, or both.

Defendant says that under (b)(1), the part must be "installed," under (b)(2), the part "must malfunction and cause serious injury or death, and under (b)(3), the part "must malfunction and cause death."

The Court disagrees. Section (b) cannot be interpreted to require overt acts under (a)(3). The "specifics" that defendant points out do not go to overt acts, but rather to the <u>nature of penalty</u>. An overt act requirement is found in the text of the section relating to the conspiracy, not another section. Defendant provides no authority for its position. Here, there is nothing in the text of § 38(a)(3) which can be read as requiring proof of an overt act.

Having found that § 38 (a)(3) does not require proof of an overt act, the question then becomes when the statute of limintations begins. Courts have held that the staute of limitations for a conspiracy which does not require proof of an overt act begins to run when the purposes of the conspiracty have been achieved or abandoned, or a conspirator has withdrawn, not when its last overt act was committed. See <u>United States v. Tocco</u>, 200 F.3d 401, 425 n.9 (6th Cir. 2000) (RICO conspiracy); <u>United States v. Grammatikis</u>, 633 F.2d 1013, 1025 (2d Cir. 1980) (drug conspiracy). As explained in <u>United States v. Coia</u>, 719 F.2d 1120, 1124 (11th Cir. 1983):

> [A] a conspiracy requiring an overt act is deemed complete for statute of limitations purposes at the time of completion of the last overt act. This is a rule of statutory construction, rather than a factual determination of whether a conspiracy existed at a particular point in time. With respect to conspiracy statutes that do not require proof of an overt

act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period. The conspiracy may be deemed to continue as long as its purposes have neither been abandoned nor accomplished.

Here, the indictment charges defendant with participating in a conspiracy to commit aircraft parts fraud that ran from April 2000 until February of 2002. The indictment was returned on June 7, 2005. The indictment alleges that the conspiracy extended into the five year period preceding the return of the indictment, or beyond June 7, 2000. The fact that the indictment does not charge defendant with any overt acts within the five years is not relevant because such acts are not required for a conspiracy conviction. Count 8 of the indictment satisfies the statute of limitations inasmuch as it charges a conspiracy within the limitations period.

Defendant, however, is free to assert the affirmative defense at trial that he had abandoned or withdrawn from the conspiracy at any time. See United States v. Rogers, 118 F.3d 466, 474 (6th Cir. 1997).

SO ORDERED.


Dated: November 6, 2006                           s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 6, 2006, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160